## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| STANLEY E. BOYD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-CV-893-RWS |
| JOHN DOE 1 VANDERBELT, et al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Stanley E. Boyd, prison registration number 151986, for leave to commence this civil action without prepayment of the filing fee. The motion will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.

Plaintiff is presently incarcerated at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). As he acknowledges in the complaint, he is a prisoner who has, on three or more prior occasions while incarcerated, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted.[1] The Prison Litigation Reform Act of 1996 provides, in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] *See Boyd v. Moore, et al.,* No. 4:91-CV-724 (E.D. Mo. Apr. 24, 1991); *Boyd v. Moore, et al.,* No. 91-2177 (8th Cir. Jun. 26, 1991) (appeal dismissed as frivolous); *Boyd v. Gralike, et al.,* No. 4:93-CV-713 (E.D. Mo. Jun. 1, 1993).

28 U.S.C. § 1915(g).  Therefore, the Court may grant plaintiff leave to proceed *in forma pauperis* in this action only if he "is under imminent danger of serious physical injury." *Id.*

With the instant motion, plaintiff submitted an attachment titled "Exception to Three Strike Rule." (ECF No. 2-1).  Therein, plaintiff avers he entitled to proceed "under the 'imminent danger of serious physical harm exception" because "prisoners have already experience [*sic*] irreparable harm through the loss of human lives."  *Id.*  However, despite plaintiff's assertion, the complaint contains no allegations demonstrating that he is under imminent danger of serious physical injury.

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against three ERDCC officials: Warden John Doe 1 Vanderbelt; Major John Doe 2 Anderson; and Deputy Warden Heather Cofer.  In the caption of the complaint, plaintiff indicates he proceeds "on behalf of all present and future prisoners in the ERDCC segregation unit." (ECF No. 1 at 2).  In the complaint, he describes this action as one "challenging the systemic condition of confinement" in the ERDCC's segregation unit, which plaintiff claims creates a "per[v]asive risk of irreparable harm that has subjected prisoners to physical assaults, sexual assaults and deaths at the hands of individuals they are often force[d] to occupy a cell with."  *Id.* at 5.

Plaintiff claims there is a lack of training and supervision over "custody staff," who display a "callous disregard" for the safety and security of prisoners in the segregation unit.  *Id.* at 5-6.  Plaintiff describes what he believes are unconstitutional conditions in the segregation unit, including the practice of requiring certain prisoners to share cells.  Plaintiff also claims that staff members fail to make regular checks or respond to emergency call buttons, and ignore inmate requests to be housed separately.  Plaintiff claims that "prisoners" are dying and suffering assault "as a direct result of the systemic conditions" he described.  *Id.* at 8.  Plaintiff claims that "Defendants" have not responded to "various letters," or remedied the "unconstitutional

2

conditions." *Id.* He states he seeks "class certification." *Id.* at 6. Plaintiff does not allege that he is being subjected to the conditions he describes. Included with the complaint is a "Sworn Declaration" signed by one Bobby Johnson El, claiming that Cofer failed to respond to his letters concerning "custody staff failings in the segregation unit." *Id.* at 15.

Plaintiff's allegations do not establish that he is under imminent danger of serious physical injury. He therefore may not proceed *in forma pauperis* in this action. As a result, the Court will deny plaintiff's motion for leave to proceed *in forma pauperis,* and will dismiss this action at this time, without prejudice to the filing of a fully-paid complaint. The Court declines to address any other deficiencies in the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

Dated this 6th day of September, 2022.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

3