UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY E. BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-893-RWS |
| | ) | |
| JOHN DOE 1 VANDERBELT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This closed civil matter is before the Court upon a Motion for Reconsideration filed by Stanley E. Boyd, prison registration number 151986. (ECF No. 7). For the reasons explained below, the motion will be denied.

### Background

As fully set forth in this Court's September 6, 2022 Memorandum and Order, Boyd is an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC") who is subject to 28 U.S.C. § 1915(g). He initiated this case on August 25, 2022 by filing a complaint against ERDCC officials "on behalf of all present and future prisoners in the ERDCC segregation unit." (ECF No. 1 at 2). He sought "class certification." *Id.* at 6.

Boyd alleged he sought to challenge "the systemic condition of confinement" in the ERDCC's segregation unit, on the basis that it created a "per[v]asive risk of irreparable harm that has subjected prisoners to physical assaults, sexual assaults and deaths at the hands of individuals they are often force[d] to occupy a cell with." *Id.* at 5. The complaint described, in general terms, conditions in the unit that affected the population there. It contained no allegations demonstrating that Boyd himself was under imminent danger of serious physical injury, or even

that he was housed in the segregation unit. Included with the complaint was a declaration from another person concerning the lack of a response to his letters "regarding custody staff failings in the segregation unit." *Id.* at 15.

Upon review, the Court determined that the complaint alleged no facts demonstrating that Boyd was under imminent danger of serious physical injury, as necessary for the Court to allow him to proceed *in forma pauperis*. The Court noted, *inter alia*, that Boyd did not allege that he himself was subjected to an allegedly dangerous condition, and also impermissibly sought relief on behalf of other individuals. The Court denied Boyd's motion for leave to proceed *in forma pauperis*, and dismissed the case without prejudice to the filing of a fully-paid complaint.

Boyd now moves for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. He contends that the Court failed to liberally construe his complaint, and should have interpreted it to assert that he "is being subjected to the conditions described in the complaint, which he filed on behalf of himself and others." (ECF No. 7 at 2). He states he is "housed in the segregation unit and is in imminent danger of serious physical injury," but he does not describe the particular danger he faces. *Id.* Boyd does provide a copy of a September 8, 2022 conduct violation report, describing his refusal to comply with orders from staff who were trying to place an unidentified "compatible cell mate" into his cell on that same date. (ECF No. 7-1). Boyd does not allege that the potential cell mate posed a threat to him.

## Discussion

Federal Rule of Civil Procedure 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.

1998)). Such motions do not allow a party to re-litigate matters previously resolved by the court, or to raise arguments or present evidence that could have been presented prior to the entry of judgment, unless good cause is shown for such failure. *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013); *Innovative Home Health Care*, 141 F.3d at 1286. Rule 59(e) motions are "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in *extraordinary circumstances*." *Barnett v. Roper*, 941 F. Supp. 2d 1099, 1104 (E.D. Mo. 2013) (emphasis in original).

The Court has reviewed the motion, and finds no basis for altering or amending its prior judgment. Nothing in the motion or the September 8, 2022 conduct violation report demonstrates a failure to properly construe the complaint, or any error of law or fact.  At best, the motion amounts to a second attempt to gain relief on the same issues formerly denied, rather than a demonstration of a need for relief in extraordinary circumstances.  The motion simply fails to present a valid reason for the Court to reconsider its prior judgment, and the Court will therefore deny it.

Accordingly,

**IT IS HEREBY ORDERED** that Stanley E. Boyd's Motion for Reconsideration (ECF No. 7) is **DENIED**.

Dated this 13th day of October, 2022.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

3